UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ANGELA EVERAGE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 12-251-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| SAFECO INSURANCE CO. OF ILLINOIS, ET AL., | ) ) ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This case arises out of an automobile accident in Knox County, Kentucky. [R. 1-1 at 4.] After the accident, Angela Everage filed this action against Safeco Insurance Company (Safeco). Before the Court is Safeco's Motion to Bifurcate and Stay Discovery. [R. 8.] Plaintiff did not respond. Safeco has carried its burden and the motion to bifurcate and stay will be granted.

**I**

On August 16, 2011, Everage was a passenger in a motor vehicle on Emanuel Hollow Road in Knox County, Kentucky. [R. 1-1 at 4.] Cindy Shelton was also driving on the road, despite allegedly being under the influence of alcohol or drugs, and driving in a negligent manner. [*Id.*] The two vehicles collided and Everage was injured in the accident. [*Id.*] The vehicle in which Everage was a passenger was uninsured. [*Id.*] Damages caused to Everage were in excess of the liability insurance coverage that Shelton had available. [*Id.*] Shelton's Insurance provider tendered their policy limits in the amount of $25,000 to settle claims with Everage. [*Id.*] Before accepting the offer tendered by Shelton's Insurance, notice was sent to

Safeco, "advising them of their right to make a substitution payment of the tendered policy limits." [*Id.*] Everage also tendered an offer to Safeco "to settle her Underinsured Motorist Claim against Safeco for the limits of her Underinsured Motorist coverage." [*Id.*] Safeco advised Everage that they would not be extending an Underinsured Motorist settlement offer as Everage had been fully compensated by the earlier settlement with Shelton's insurance. [*Id.* at 5.] Everage filed suit in Knox County Circuit Court on December 3, 2012 and the case was removed by Safeco to this Court on December 19. [*Id.* at 1.] Two claims are alleged. The first claim relates to the payment of uninsured and underinsured motorist benefits for injuries allegedly sustained in the accident and the second claim is for bad faith in Safeco's alleged failure to engage in good faith settlement negotiations, as is required by the Kentucky Unfair Claims Settlement Practices Act.

Safeco offers considerable support for its motion to bifurcate and Plaintiff did not respond to their motion. Safeco has carried its burden, the motions to bifurcate and stay will be granted.

## II

### A

Federal Rule of Civil Procedure 42(b) provides that, "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims." Convincing a court to utilize its discretion to separate a trial is the moving party's responsibility, and a court should separate a trial once it has determined that is the most appropriate course of action. *Brantley v. Safeco Insurance Comp. of Am.*, 2011 WL 6012554, at *1 (W.D. Ky. Dec. 1, 2011) (citations omitted). Factors that should be considered in determining what is most appropriate include instances where two issues will be decided through

the use of unrelated evidence "or where litigation of one issue may obviate the need to try another issue." *Id*. (quoting *Athridge v. Aetna Cas. & Sur. Co.*, 604 F.3d 625, 635 (D.D.C. 2010)). The Sixth Circuit listed "potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy" as other important considerations. *Id*. (quoting *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007)).

**B**

The facts of this case mirror those of numerous cases throughout Kentucky, and beyond, that have considered insurance contract claims and bad faith claims and consistently granted motions to bifurcate and stay discovery. *Bruckner v. Sentinal Ins. Co. Ltd.*, 2011 WL 589911, at *2 (E.D. Ky. Feb. 10, 2011); *Brantley*, 2011 WL 6012554, at *2 (citing several cases); *Hoskins v. Allstate Prop. & Cas. Ins. Co.*, 2006 WL 3193435, at *2 (E.D. Ky. Nov. 2, 2006). Bifurcation is so prevalent in this area because of the three elements that must be proven to prevail on a bad faith claim:

> (1) the insurer is obligated to pay the claim under the terms of the policy; (2) the insurer lacks a reasonable basis in law or fact for denying the claim; and (3) the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Bruckner*, 2011 WL 589911, at *2 (E.D. Ky. Feb. 10, 2011) (quoting *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993)). Until Everage prevails on her uninsured/underinsured policy claim, she will be unable to properly support all of those elements. Thus, "one issue may obviate the need to try another issue," *Brantley*, 2011 WL 6012554, at *1, and judicial economy may be furthered by bifurcating the claims. *Bruckner*, 2011 WL 589911, at *2 (citing *Smith v. Allstate*, 403 F.3d 401, 407 (6th Cir. 2005)). Everage did not respond to Safeco's motion and the Court is

3

convinced that bifurcation of these claims at trial provides the most expedient path going forward.

The Court can find no compelling reason why discovery on the bad faith claim should not also be stayed. The *Brantley* court provided well-reasoned analysis: discovery could reveal Safeco's work-product and raise issues regarding privilege, and Safeco may be prejudiced by engaging in discovery for a subsidiary claim that will never have proper support. 2011 WL 6012554, at *2.

### III

Accordingly, and the Court being sufficiently advised, it is **HEREBY ORDERED** as follows:

(1)  Safeco's Motion to Bifurcate and Stay Discovery [R. 8] on Everage's bad faith claim is **GRANTED**;

(2)  The two claims at issue in this matter will be bifurcated for both trial and discovery, with a stay being issued as to Everage's bad faith claim, pending resolution of her underinsured insurance claim; and,

This 31st day of October, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

4